IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL PECINA,                                )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      )   2:15cv264
                                            )   **Electronic Filing**
ROBERT A. MCDONALD, Secretary,              )
United States Department of Veteran Affairs,)
                                            )
            Defendant.                      )

# **MEMORANDUM OPINION**

At counsels' request a mediation conference was scheduled on Friday, May 25, 2016. The conference occurred after the completion of discovery but prior to the filing of dispositive motions under the deadlines established in the court's case management order. At the conclusion of the conference the parties through counsel placed a stipulation of settlement on the record. The parties then executed a stipulation of dismissal with prejudice. The court granted the stipulation and dismissed the case with prejudice. Plaintiff then signed a release and received the proceeds of the settlement agreement about three weeks later. Approximately five weeks after that plaintiff filed a *pro se* motion to reopen the case, rescind the settlement, obtain new counsel, reopen discovery and proceed with his claims. Plaintiff recently augmented his motion through the filing of a "Response to Defendant's and Joel Sansone's Responses." Plaintiff's *pro se* motion will be denied for four basic reasons.

First, the court entered an unconditional order dismissing the case with prejudice on June 3, 2016. See Doc. No. 34. Of course, "[a] voluntary dismissal with prejudice operates as a final judgment on the merits." Phillips v. Transunion, LCC, 2012 WL 1439088, at *6 (E.D. Pa. April 25, 2012) (citing Vacanti v. Apothaker & Assocs., P.C., 2010 WL 4702382, at *4 (E.D. Pa. Nov.12, 2010); Toscano v. Connecticut Gen. Life Ins. Co., 288 F. App'x 36, 38 (3d Cir. 2008)

("Judicially approved settlement agreements are considered final judgments on the merits for the purposes of claim preclusion."); Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972) (holding that "[d]ismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial") (citing Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 327 (1955)); Jamison v. Miracle Mile Rambler, Inc., 536 F.2d 560, 564 (3d Cir. 1976) (same)). Consequently, the order of dismissal bars further action on plaintiff's claims.

Moreover, the parties performed their settlement agreement. The court is now without jurisdiction to take further action that would involve the settlement agreement. Kokkonen v. Gaurdian Life ins. Co., 511 U.S. 375, 381 (1994) (absent the expressed retention of jurisdiction over some aspect of the parties' settlement agreement, a stipulation of dismissal with prejudice divests the court of ongoing jurisdiction over the parties' agreement unless there is some other independent basis for federal court jurisdiction over it); Shaffer v. GTE North, Inc., 284 F.3d 500, 502-04 (3d Cir. 2002) (same). Thus, the court is without jurisdiction over any remaining aspects of the parties' dispute.

Second, at the outset of the mediation conference the parties and counsel were advised by the neutral that the Pennsylvania statute cloaking mediation sessions with an evidentiary privilege of confidentiality would govern all communications made during the conference. See 42 Pa. Cons. Stat. Ann. § 5949 ("Disclosure of mediation communications and mediation documents may not be required or compelled through discovery or any other process. Mediation communications and mediation documents shall not be admissible as evidence in any action or proceeding, including, but not limited to, a judicial, administrative or arbitration action or proceeding."). The four exceptions to this evidentiary protection were highlighted. See 42 Pa.

Cons. Stat. Ann. §§ 5949(b)(1) – (4).[1] The parties acknowledged that they would be bound by these principles by voluntarily proceeding with the conference.

Pennsylvania courts endorse "a strong policy . . . for keeping mediation communications and documents confidential." Dietz & Watson, Inc. v. Liberty Mut. Ins. Co., 2015 WL 365949, *4 E.D. Pa. January 28, 2015).[2] This privilege protects the lifeblood of mediation and is essential to the ongoing viability and success of this form of alternative dispute resolution. Dietz & Watson, Inc., 2015 WL 365949, at *4 (collecting cases). The need for strict enforcement of

---

[1] These exceptions are:

(b) Exceptions.--

(1) A settlement document may be introduced in an action or proceeding to enforce the settlement agreement expressed in the document, unless the settlement document by its terms states that it is unenforceable or not intended to be legally binding.

(2) To the extent that the communication or conduct is relevant evidence in a criminal matter, the privilege and limitation set forth in subsection (a) does not apply to:

    (i) a communication of a threat that bodily injury may be inflicted on a person;

    (ii) a communication of a threat that damage may be inflicted on real or personal property under circumstances constituting a felony; or

    (iii) conduct during a mediation session causing direct bodily injury to a person.

(3) The privilege and limitation set forth under subsection (a) does not apply to a fraudulent communication during mediation that is relevant evidence in an action to enforce or set aside a mediated agreement reached as a result of that fraudulent communication.

(4) Any document which otherwise exists, or existed independent of the mediation and is not otherwise covered by this section, is not subject to this privilege.

42 Pa. Cons. Stat. Ann. §§ 5949(b)(1)-(4).

[2] This protective policy is reflected throughout Pennsylvania law. See, e.g., Pennsylvania Rule of Civil Procedure 4011(d) (barring discovery of mediation communications).

3

these principles is even more compelling where a member of the judicial staff trained in the art has extended to the parties a voluntary opportunity to engage in the process and thereby determine whether a resolution can be reached short of an adjudication on the merits.

The communications highlighted in plaintiff's *pro se* motion were generated by a process that falls squarely within the heart of what the privilege is designed to protect. The communications are "mediation communications" within the meaning of 42 Pa. Cons. Stat. Ann. § 5949. See 42 Pa. Cons. Stat. Ann. § 5949(c) (A mediation communication is "[a] communication, verbal or nonverbal, oral or written, made by, between or among a party, mediator, mediation program or any other person present to further the mediation process when the communication occurs during a mediation session or outside a session when made to or by the mediator or mediation program."). Plaintiff's *pro se* motion fails to identify any basis that triggers an exception to the rules of confidentiality. Consequently, he cannot use the communications from the session against defendant in an effort to undue the decision he made to forego further development of his claims and settle his lawsuit.

Third, plaintiff is bound by the release he signed. "A signed release is binding upon the parties unless executed and procured by fraud, duress, accident or mutual mistake." Three Rivers Motors Co. v. Ford Motor Co., 522 F.2d 885, 892 (3d Cir. 1975) (citing Kent v. Fair, 140 A.2d 445 (Pa. 1958). Plaintiff had the entire day of the mediation conference to explore, negotiate and reflect on the terms of the ultimate settlement agreement. The potential remedies/recoveries that were being released and the benefits that were being gained were highlighted numerous times throughout the day-long conference and plaintiff discussed these extensively with counsel – both in the neutral's presence and in private consultation. Plaintiff's submissions indicate these consultations with counsel continued up until the time plaintiff signed the release.

4

There is no basis to infer that plaintiff was under duress. "[U]nder Pennsylvania law, 'duress is not established merely by showing that the release was given under pressure. Rather, where the contracting party is free to come and go and to consult with counsel, there can be no duress in the absence of threats of actual bodily harm." Thomas v. Sandstrom, 459 F. App'x 93, 95 (3d Cir. 2012) (quoting Three Rivers Motor Co., 522 F.2d at 892 and citing Carrier v. William Penn Broad. Co., 233 A.2d 519, 521 (Pa. 1967); accord Robins v. Bimbo Foods Bakeries Distribution, Inc., 2013 WL 5803783, *6 (E.D. Pa. Oct. 28, 2013) (duress cannot be established by identifying facts that indicate the release was executed under financial or other similar pressure) (collecting cases). Plaintiff's Monday-morning quarterbacking and concomitant regrets concerning the bargain he struck fall woefully short of showing a factual basis to undue the release on the basis of duress.

Nor has plaintiff alleged sufficient facts showing that defendant or its representatives fraudulently induced him to sign the release. Under Pennsylvania law, claims for fraudulent inducement have six elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. Robins, 2013 WL 5803783 at *7 (citing Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 256-57 (3d Cir. 2013) (citing EBC, Inc. v. Clark Bldg. Sys., 618 F.3d 253, 275 (3d Cir. 2010)).

Plaintiff advances three basic grounds in support of his motion. First, defendant and its counsel failed to provide accurate and complete information in defendant's response to discovery requests. In this regard plaintiff is aware of extensive details about the events underlying his case which were not disclosed or fully accounted for in the discovery produced by defendant. Second, plaintiff's counsel did not fully disclose to plaintiff the information obtained during

discovery and permitted the depositions of defendant's witnesses to occur without the full array of information that could have been brought to bear on the matters addressed therein. Similarly, plaintiff's counsel permitted defense counsel to depose plaintiff without apprising plaintiff of all information that had been gained from defendant through discovery. Finally, plaintiff's counsel failed to defend against and prepare plaintiff properly for defendant's stance during the mediation conference that it would seek to establish that the mix-motives framework governed the disposition of plaintiff's claims - which in turn assertedly would have precluded plaintiff from obtaining the remedy of reinstatement.

Each of plaintiff's grounds fails to raise a basis to establish that defendant fraudulently induced plaintiff to accept the settlement and execute the release. Defendant's responses in discovery, even if evasive and incomplete, simply cannot supply the factual underpinnings needed to meet the elements noted above. The balance of the information highlighted by plaintiff does not involve conduct that properly can be attributed to defendant for the purposes of establishing a claim of fraudulent inducement. It follows that plaintiff has failed to present any basis to support a reopening based on a fraud by his adversary.

Third, plaintiff's contention that he was unaware of all of the terms of the settlement agreement memorialized on the record at the end of the day on May 25, 2015, is at the very least disingenuous. Throughout the entire day all necessary steps were taken to accommodate plaintiff's hearing impairment. The defendant's position and movement in negotiations during the mediation were forthrightly disclosed to plaintiff and his counsel at each step in the session. Plaintiff was given an opportunity to consult with his counsel before responding with counter-communications to defendant. At various intervals plaintiff's consulted extensively with counsel before taking the next step in the process. Plaintiff and his counsel were able to engage the neutral as they deemed appropriate and vis-a-versa. Plaintiff was made aware at the outset and

repeatedly throughout the day that the communications with the neutral about defendant's posturing were not intended to be legal advice and plaintiff was required to consult with and rely on his counsel for such advice. All of the terms of the parties' settlement agreement placed on the record of May 25, 2016, were discussed extensively with plaintiff prior to his agreement to accept them as a final resolution and place a binding agreement of settlement on the record.

Finally, all other matters raised in plaintiff's *pro se* motion appear to be the product of rumination and without any foundation whatsoever. And in any event they are not the proper subject of a motion to set aside a contract of settlement placed on the record and effectuated through a subsequently executed release.

For the reasons set forth above, plaintiff's *pro se* motion to re-open the case will be denied. All accompanying motions will be denied as moot. An appropriate order will follow.

<u>Date: March 21, 2017</u>

<u>s/David Stewart Cercone</u>
David Stewart Cercone
United States District Judge

cc: Joel S. Sansone, Esquire
    Massimo A. Terzigni, Esquire
    Jennifer R. Andrade, AUSA

    (*Via CM/ECF Electronic Mail*)

    Paul Pecina
    5637 Willow Terrace Dr.
    Bethel Park, PA 15102

    (*Via United States Postal Service Mail*)